**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IAN GABRIEL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-7852** |
| | : | |
| **LAWRENCE J. O'CONNOR JR.** | : | |

# MEMORANDUM

**KEARNEY, J.** **October 29, 2026**

An incarcerated man does not agree with the facts presented by his court-appointed counsel in his appeal from his state court criminal conviction. He claims his court-appointed counsel violated several rules of professional conduct in presenting facts to the state court. He also blames the trial judge for appointing the court-appointed counsel and in delaying his ability to appeal through delays in hearings. He then concludes these ethical lapses violate his constitutional rights. We granted him leave to proceed without paying the filing fees requiring we meet Congress' mandate of screening his pro se allegations. We must, upon studying his pro se allegations, dismiss his claims against the judge who appointed his counsel and set hearing dates with prejudice as she is immune for acts in her judicial capacity. We also dismiss his claims against his appointed defense attorney without prejudice to timely amend to show how the attorney's conduct violates the incarcerated man's constitutional rights mindful he may also proceed through state court remedies including replacing his counsel, challenging the effectiveness of counsel, or moving the state court for relief in the appellate process. We dismiss the incarcerated man's Complaint with limited leave to timely amend to assert a constitutional claim against his former court-appointed counsel if possible showing a concert of action with a state actor to deprive him of Constitutional

rights. We further deny his request to enjoin the lawyer from filing papers on his behalf as lacking merit and with an adequate remedy under Pennsylvania Law including moving for new counsel.

## I. Alleged pro se facts

The Court of Common Pleas of Philadelphia County convicted Ian Gabriel of a crime. The Honorable Gwendolyn Bright of the Philadelphia Court of Common Pleas appointed Attorney Lawrence O’Connor as Mr. Gabriel’s counsel.[1] She then agreed to postpone post-conviction hearings for over four years. Attorney O’Connor filed a post-conviction statement of issues on appeal with the trial court on Mr. Gabriel’s behalf.[2]

## II. Analysis

Mr. Gabriel now sues the Honorable Gwendolyn Bright and Attorney Lawrence O’Connor, Jr.[3] He claims Attorney O’Connor provided him ineffective counsel.[4] Mr. Gabriel alleges his court-appointed counsel Attorney O’Connor is bound by, and violated, the Pennsylvania Rules of Professional Conduct by misrepresenting facts in a state court filing concerning ineffective assistance when Mr. Gabriel sought to complain about the prosecution’s conduct. He further claims Attorney O’Connor did not preserve and raise issues such as prosecutorial misconduct.[5] He waived and omitted the claims Mr. Gabriel wished to include.[6] Mr. Gabriel then concludes Attorney O’Connor deprived him of his constitutional rights by violating several identified Rules of Professional Conduct.[7]

Mr. Gabriel alleges Judge Bright used Attorney O’Connor to enable her to reschedule and cancel court proceedings over four years to block his petitions from reaching the Pennsylvania appellate courts.[8]

We granted Mr. Gabriel leave to proceed *in forma pauperis* requiring we screen his Complaint under Congress’s mandate in section 1915A.[9] Congress in section 1915A directs us to screen Mr. Gabriel’s Complaint because he is incarcerated.[10] “Courts are statutorily obligated to

review, 'as soon as practicable,' pro se prisoner complaints targeting governmental entities, officers, or employees."[11] We must now screen Mr. Gabriel's Complaint and dismiss it if we determine his action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12] We apply the same standard when screening a pro se prisoner's complaint for failure to state a claim under section 1915A(b)(1) as we do when we resolve a motion to dismiss under Rule 12(b)(6).[13] We must accept Mr. Gabriel's factual allegations as true and draw reasonable inferences in the light most favorable to Mr. Gabriel.[14]

Mr. Gabriel can meet this standard if he pleads sufficient facts, accepted as true, to state a plausible claim for relief.[15] We accept the facts pleaded in the Complaint as true and construe this in the light most favorable to him to determine whether he states a plausible claim for relief.[16]

We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings."[17] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[18] But "pro se litigants must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[19]

We dismiss all claims against Judge Bright with prejudice. We dismiss all claims against Attorney O'Connor without prejudice and grant Mr. Gabriel leave to amend to plead a claim against Attorney O'Connor for violating his constitutional rights when acting in concert with a state actor.

**A. We dismiss all claims against Judge Bright.**

Mr. Gabriel sues Judge Bright in her individual and official capacities for appointing Attorney O'Connor as his counsel and using Attorney O'Connor to delay hearings on his Post-Conviction Relief Act petition to frustrate Mr. Gabriel reaching the Pennsylvania Superior Court.[20]

Mr. Gabriel seeks money damages from Judge Bright.[21] The doctrine of judicial immunity prohibits Mr. Gabriel from suing Judge Bright. We dismiss all claims against Judge Bright with prejudice.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[22] A judge's immunity is overcome only if: (1) the judge did not act in their judicial capacity; or (2) the judge acted "in the complete absence of all jurisdiction."[23] A judge acts in their judicial capacity when they perform "a function normally performed by a judge."[24] Where generally "a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes."[25] A judge will not be deprived of immunity because he acted in error, maliciously, or in excess of his authority; "rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[26] Our Court of Appeals directs judges are protected by absolute judicial immunity when they make judicial determination in state court criminal proceedings.[27]

Mr. Gabriel alleges Judge Bright appointed Attorney O'Connor to stop his Post-Conviction Relief Act claims from reaching the appellate level.[28] Mr. Gabriel argues Judge Bright in appointing Attorney O'Connor as his counsel deprived him of his constitutional rights.[29] Appointment of defense counsel and scheduling of hearings is a normal judicial function.[30] Judge Bright acted in her official capacity when she assigned Attorney O'Connor as Mr. Gabriel's counsel and in her scheduling of matters before her. Mr. Gabriel does not and cannot allege facts showing Judge Bright acted outside her judicial capacity. We dismiss Mr. Gabriel's claims against Judge Bright with prejudice.

**B. We dismiss all claims against Attorney O'Connor.**

Mr. Gabriel sues Attorney O'Connor for depriving him of his constitutional rights.[31] Attorney O'Connor is not a state actor. We dismiss all claims against Attorney O'Connor with prejudice.

Congress permits suit against persons who violate rights secured by the Constitution while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."[32] Congress did not provide a civil rights remedy for allegedly improper actions by private persons like Attorney O'Connor; this cause of action applies to people acting under the color of state law.[33]

Mr. Gabriel may not bring a civil rights claim against a non-state actor. Attorney O'Connor is not a state actor, and Mr. Gabriel does not plead facts to show otherwise. Mr. Gabriel may state claims where he challenges the effectiveness of his counsel in state court.. But he cannot sue Attorney O'Connor for depriving him of civil rights unless he shows us Attorney O'Connor acted in concert with a state actor to deprive him of a Constitutional right.[34] He has not pleaded facts allowing us to plausibly infer Attorney O'Connor acted in concert with a state actor/judge to include inaccurate facts in his filings in state court. We dismiss Mr. Gabriel's civil rights claims against Attorney O'Connor without prejudice with leave to amend his Complaint.

**III. Conclusion**

We dismiss Mr. Gabriel's claims against Judge Bright with prejudice. We also dismiss Mr. Gabriel's claims against Attorney O'Connor without prejudice for him to pursue claims either in state court, or if he wishes, timely amend here with facts allowing us to plausibly infer a civil rights claim against Attorney O'Connor. We will close the case absent a timely amendment mindful Mr. Gabriel can pursue his disciplinary claims before the Attorney Disciplinary Board if warranted and through state court post-conviction processes.

[1] ECF 1 ¶ 5.

[2] *Id.* ¶ 7.

[3] ECF 1.

[4] *Id.* ¶ 7.

[5] *Id.*

[6] *Id.* ¶ 9.

[7] *Id.* ¶¶ 1, 16.

[8] *Id.* ¶¶ 14–15.

[9] ECF 8; 28 U.S.C. § 1915A.

[10] 28 U.S.C. § 1915A.

[11] *Bressi v. Pa. Parole Bd.*, No. 23-440, 2023 WL 5184965, at *1 (M.D. Pa. Aug. 11, 2023) (citing 28 U.S.C. § 1915A(a)), *aff'd*, No. 23-2514, 2024 WL 49861 (3d Cir. Jan 4, 2024).

[12] 28 U.S.C. § 1915A(b).

[13] *Keeling v. Wetzel*, No. 23-2045, 2024 WL 3770307, at *1 (3d Cir. Aug. 13, 2024) (citing *Dooley v. Wetzel*, 957 F.3d 366, 373–74 (3d Cir. 2020)); *Brown v. Ortiz*, No. 23-4948, 2025 WL 1257260, at *3 (E.D. Pa. Apr. 30, 2025).

[14] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Marchetti v. 46 Labs, LLC*, No. 26-5805, 2026 WL 3137252, at *2 (E.D. Pa. Oct. 20, 2026).

[15] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[16] *Id.*

[17] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[18] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); then citing *Higgs*, 655 F.3d at 339).

[19] *Yogt,* 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

---

[20] ECF 1 ¶¶ 14–15.

[21] *Id.* ¶¶ 20–21.

[22] *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

[23] *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *see Clark v. All the Judges of the Crim. Just. Ctr.*, No. 21-5690, 2022 WL 1567321, at *2 (E.D. Pa. May 18, 2022).

[24] *Clark*, 2022 WL 1567321, at *2 (quoting *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

[25] *Clark v. Warden & All Prison Guards*, No. 21-5498, 2022 WL 1443427, at *4 (E.D. Pa. May 5, 2022) (quoting *Figueroa*, 208 F.3d at 443–44).

[26] *Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (internal quotations omitted).

[27] *Id.* (holding lower court properly dismissed civil rights action by a *pro se* plaintiff against two state court judges where plaintiff complained of "judicial actions [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity").

[28] ECF 1 ¶ 15.

[29] *Id.* ¶¶ 14–16.

[30] *Graham v. Clifford*, No. 26-2894, 2026 WL 1894276, at *5 (E.D. Pa. July 1, 2026) (citing *Davis v. Tarrant County*, 565 F.3d 214, 223 (5th Cir. 2009)); *Lewis v. Lehigh Cnty.*, 516 F. Supp. 1369, 1370–71 (E.D. Pa. 1981).

[31] ECF 1 ¶¶ 1, 16.

[32] 42 U.S.C. § 1983.

[33] *Porter v. Pa. Dep't of Corrs.*, 974 F.3d 431, 437 (3d Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Fleming v. Warren*, No. 19-2926, 2019 WL 5086962, at *4 (E.D. Pa. Oct. 10, 2019), *aff'd*, 812 F. App'x 102 (3d Cir. 2020) ("Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation[.]").

[34] *Singh v. Harrison*, 412 F. App'x 430, 431 (3d Cir. 2011); *Burke v. Bachert*, 702 F. Supp. 3d 347, 364 (E.D. Pa. 2023).